UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CORTEZ HINES #106276                    CIVIL ACTION NO. 21-cv-3761

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

C WALKER ET AL                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Cortez Hines ("Plaintiff") is a self-represented inmate housed at the Caddo Correctional Center ("CCC"). He filed this civil rights action against Sgt. Carlos Walker and Deputy Michael Rocco based on allegations that Walker and Rocco subjected him to excessive force. Before the court is a Motion for Summary Judgment (Doc. 18) by Defendants in which they challenge the merits of the allegations and assert a defense of failure to exhaust administrative remedies. For the reasons that follow, it is recommended that this action be dismissed without prejudice for failure to exhaust administrative remedies.

**The Allegations**

Plaintiff alleges that on September 15, 2021 Deputy Rocco used a Taser on him three times because Plaintiff was beating on his cell door. Plaintiff alleges that he was also placed in a WRAP, a four-point chair, and an ERC. He alleges that Shift Sgt. Walker authorized such actions, which he contends were unconstitutional.

Neither Plaintiff nor Defendants describe or explain the WRAP and ERC referenced in their filings.  Online sources indicate that the WRAP is a restraint system that includes a shoulder harness, leg restraint, and ankle strap; it is designed to restrain a person in an upright, seated position.  ERC appears to stand for emergency restraint chair.

Rocco, Walker, and other witnesses offer affidavits that explain that the use of force was necessary because Plaintiff refused several commands and was able to defeat the restraints of both the WRAP and four-point chair.  The court need not delve further into the merits, however, because the exhaustion defense has merit.

**The Exhaustion Defense**

**A. The Exhaustion Requirement**

Plaintiff's complaint asserts claims based on 42 U.S.C. § 1983.  Defendants argue that the complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit.  The defense is based on a provision in 42 U.S.C. § 1997e(a)  that provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is interpreted broadly to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  Porter v. Nussle, 122 S.Ct. 983 (2002).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006).  "[T]he

PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." <u>Gonzalez v. Seal</u>, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam).

### B. Summary Judgment Burden

"Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." <u>Dillon v. Rogers</u>, 596 F.3d 260, 266 (5th Cir. 2010). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." <u>Id</u>.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. <u>Anderson</u>, <u>supra</u>; <u>Hamilton v. Segue Software Inc.</u>, 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S.Ct. 1348, 1355-56 (1986).

### C. Analysis

The form complaint filed by Plaintiff asked if there was a grievance procedure in his institution and whether he filed a grievance based on the facts that form the basis of his lawsuit.  Plaintiff checked boxes to indicate that there was a grievance procedure at CCC, but he did not file a grievance.  He explained: "They block my pin number so I can't use the computer."  Although Defendants did not explain it in this case, as they should have done considering the burden they shoulder to make out a defense, the court is aware from other cases that CCC has been providing inmates access to electronic tablets that they can use to submit KITEs, grievances, and similar matters.  Plaintiff was apparently suggesting that he was unable to use a tablet to file a grievance.

Defendants did submit an affidavit from Deputy Mikeasha Anderson, who testifies that she is the grievance sergeant and that on September 15, 2021 CCC had in place an administrative remedy procedure to provide all inmates a means to file grievances concerning any conditions relating to confinement.  Deputy Anderson states: "There is no record that inmate, Cortez Hines, filed an ARP concerning any incident which occurred on September 15, 2021."

Defendants also offer the affidavit of Deputy Nickie Mastrodomenico.  She testifies that she is the compliance sergeant and has personal knowledge that Plaintiff "was never blocked from facility forms (i.e., ARPs, grievances, KITES)."  She also testifies that Plaintiff "logged into a tablet on September 13, 2021 and September 16, 2021, and has logged into a tablet since that date."  (The date of the use of force incident was September 15, 2021.)

The moving defendants have met their summary judgment burden with respect to the exhaustion defense.  Plaintiff was given ample opportunity to respond to the motion, but he filed nothing.  Accordingly, the summary judgment record shows that Plaintiff did not file a grievance and exhaust his administrative remedies before he filed this civil action.

Plaintiff alleged in his complaint that he was thwarted from using the grievance system, but the summary judgment evidence indicates that he had access to paper grievance forms and was able to successfully access a tablet the day after the incident and afterwards.  Plaintiff's bare assertion in his complaint that he was unable to pursue a grievance is inadequate because "[a] court may not rely on mere factual allegations in an unverified complaint to make summary-judgment rulings."  Joseph on behalf of Est. of Joseph v. Bartlett, 981 F.3d 319, 334 (5th Cir. 2020).  Even pro se litigants may not oppose summary judgment motions with unsworn materials.  See Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).  The only competent evidence on the exhaustion issue comes from Defendants, so Plaintiff has not shown a genuine dispute as to any material fact.  See Turner v. Baird, 707 Fed. Appx 290, 291 (5th Cir. 2017) (affirming summary judgment in a similar procedural setting).

**Conclusion**

Defendants Walker and Rocco have raised an exhaustion defense by motion for summary judgment.  They met their burden of demonstrating by competent summary judgment evidence that Plaintiff did not exhaust his administrative remedies before he filed this suit.  Plaintiff was given a reasonable opportunity to respond and attempt to create a genuine dispute of material fact, but he offered nothing.  Defendants Walker and Rocco

are entitled to dismissal without prejudice of all claims against them based on the exhaustion defense. <u>Bargher v. White</u>, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust … warrants dismissal without prejudice").

Accordingly,

It is recommended that the Motion for Summary Judgment (Doc. 18) by defendants Sgt. Carlos Walker and Deputy Michael Rocco be granted and that all claims against Walker and Rocco be dismissed without prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2023.

Mark L. Hornsby
U.S. Magistrate Judge